IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI WALTON,<br><br>　　　　Plaintiff,<br>　　v.<br><br>U.S. MARSHALS SERVICE, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 03-01460 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT** |

On November 4, 2005, the Court heard argument on plaintiff's motion to alter judgment under Federal Rule of Civil Procedure 59(e). For the following reasons, the Court DENIES the motion.

**BACKGROUND**

Plaintiff was employed for fourteen years as a court security officer ("CSO") by Akal Security ("Akal"), a company that contracts with the United States Marshals Service ("USMS") to provide security at federal courthouses in the Ninth Circuit.[1] In November 2001, plaintiff underwent audiological testing in connection with her job. After taking two hearing tests, plaintiff was diagnosed with having an impaired ability to localize sound[2] due to a hearing disparity between her right and left ears. Based on these test results, plaintiff was determined to be unqualified to work as a CSO, and her employment with Akal was terminated.

Plaintiff then filed this action against a number of individuals and federal agencies under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

---

[1] The facts of this matter are set out in more detail in this Court's two prior summary judgment orders.

[2] Localizing sound is "the ability to identify the direction and distance of a sound source outside the head." Decl. of Edith J. Benay in Opp. to Def. Mot. for Summary Judgment ("Benay Decl."), Exh. Z, at USA000571.

Plaintiff's Rehabilitation Act claims alleged that she had been discriminated against because she was disabled, or, in the alternative, that she was not actually disabled and had been discriminated against because defendants regarded her as disabled.[3] Pl. Third Amended Compl. at ¶¶ 54-55.

In early 2005, plaintiff moved for summary judgment. She did not argue that she was actually disabled; instead, she maintained that defendants regarded her as disabled. See Order Denying Pl. Mot. for Summary Judgment, dated January 24, 2005 ("Jan. 24 Order"), at 3-4. After the Court denied plaintiff's motion, defendants brought a motion for summary judgment. Once again, in opposing defendants' motion, plaintiff did not contend that she was actually disabled. Instead, she argued that she was discriminated against because she was regarded as disabled. *See* Order Granting Def. Mot. for Summary Judgment, dated September 13, 2005 ("Sept. 13 Order"), at 5-6. The Court held that plaintiff had provided no evidence that defendants regarded her as disabled, and granted defendants' motion for summary judgment. The Court entered judgment in favor of defendants the same day.

Plaintiff now moves to alter the judgment. She claims that the Court clearly erred by failing to consider her evidence in resolving defendants' motion for summary judgment. She also claims that the law controlling her case has changed.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) provides that motions to alter or amend the judgment may be brought within ten days of the entry of judgment. The rule provides no standard to guide district courts faced with a motion to alter judgment. Courts, however, have made clear that such motions should be granted only in exceptional circumstances: "[T]he rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Ent., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

---

[3] As discussed in this Court's prior summary judgment orders, the Americans with Disabilities Act ("ADA") defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). "The standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the [ADA]." *Coons v. Sec. of U.S. Dept. of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004); *see also* 29 U.S.C. § 794.

2

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

## DISCUSSION

Plaintiff bases her motion for reconsideration on two primary arguments.[4] First, plaintiff argues that the Court committed clear error by failing to consider evidence that she presented in her summary judgment motion. Second, plaintiff argues that a Ninth Circuit decision filed three days after judgment in this case has changed the relevant law.

Plaintiff's second argument is easily disposed of. The case plaintiff cites, *EEOC v. United Parcel Service*, 424 F.3d 1060 (9th Cir. 2005), was a case that involved California's Fair Employment and Housing Act ("FEHA"), not federal law. *See id.* at 1068 ("The principal questions that we will address in this opinion, all pertaining to FEHA only, are . . . ."). Although the court discussed the ADA, it was only to the extent necessary to illustrate the difference between federal and California law. *Id.* at 1072. As the Ninth Circuit's discussion of the ADA was nothing more than dicta, plaintiff's claims that *United Parcel Service* constituted an intervening change in controlling law fails.

Plaintiff's other argument is premised on the notion that the Court disregarded evidence that defendants regarded her as disabled. In support of this argument, plaintiff points to four pieces of evidence that she claims

---

[4]Plaintiff also challenges the Court's conclusion that she did not have a "record of a disability." *See* Sept. 13 Order, at 5. Plaintiff's motion for reconsideration, however, admits that her opposition on this point was "very brief." Pl. Mot. to Alter Judgment, at 14. Indeed, plaintiff's opposition to defendants' motion for summary judgment included only the following paragraph on this point:

> With regard to the Plaintiff having a record of a disability, Plaintiff's audiological testing results establish that record. Plaintiff's unilateral hearing loss of more than 25db difference between the hearing in her right and left ears, when considered on its own, constitutes a record of ear differences that are ". . . likely to severely/significantly restrict an individual's ability to localize sound relative to the normal hearer." (Supp. Simmons Decl., Exh. 1, p. 1,2).

Pl. Opp. to Def. Mot. for Summary Judgment ("Pl. Opp. Br."), at 15.

Given the brevity of her opposition on this point, it is apparent that plaintiff now seeks nothing more than to have a second bite at the apple. Accordingly, the Court will not consider her argument. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003).

3

the Court did not consider. First, plaintiff relies on a stipulation that states in relevant part, "[p]laintiff does not concede that she cannot localize sound, only that she has a hearing deficit in one ear." Stipulation dated April 25, 2005 (Docket No. 186). Second, plaintiff relies on results of her audiological test, which she claims show that she passed defendants' "speech recognition" standard in her impaired ear. Benay Decl., Exhs. O, U. Third, plaintiff relies upon the declaration of her expert, which states in a conclusory fashion that the inability to localize sound "severely/significantly restricts one's hearing as compared to how unimpaired people normally hear in everyday life." Supp. Decl. of Abraham A. Simmons in Support of Def. Mot. for Summary Judgment, Exh. 1, at 1-2. Finally, plaintiff relies on a draft report prepared by an audiologist, which states that difficulties in localizing sound would be "inconvenient."[5] Benay Decl., Exh. Z, at USA 000573.

As an initial matter, none of the evidence plaintiff presents in support of her motion for reconsideration is new. All of the evidence plaintiff cites was in existence at the time of her opposition to defendants' motion for summary judgment. Yet the only evidence that her opposition relied upon was the declaration of her expert, Dr. Robert Sweetow. *See* Pl. Opp. Br. at 13-15. Thus, the evidence plaintiff's current motion relies on is simply not an appropriate basis for a motion for reconsideration. *See Carroll*, 342 F.3d at 945 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Nor is the evidence plaintiff highlights particularly probative. Thus, the Court cannot find that any failure to address the evidence was clear error.

In connection with the evidence that plaintiff claims the Court did not consider, plaintiff also raises another issue. She claims that it is not clear whether the Court used an "objective" or a "subjective" analysis to determine whether defendants regarded her as disabled. This argument refers to a discussion in the Court's January 24, 2005, order denying plaintiff's motion for summary judgment. *See* Jan. 24 Order at 4-6. In short, the objective test focuses on the defendant's understanding of a plaintiff's impairment, and asks whether that impairment would objectively constitute a substantial limitation on a major life activity. The subjective test, in

---

[5]Plaintiff also claims that it was clear error for the Court to rely on the declarations of Judge Roth and Marc Farmer, both of which state that the hearing requirements for the CSO position solely relate to the essential functions of the position and do not reflect any opinion about an individual's ability to engage in other life activities. *See* Declaration of Judge Jane R. Roth, at 4-7; Declaration of Marc A. Farmer, at 6-18. The Court continues to believe that this evidence is relevant to whether or not defendants believed that plaintiff had a disability.

contrast, focuses on the defendant's understanding of the limitations an impairment places on the plaintiff. The differences between the tests are subtle, and courts have not been clear regarding which is appropriate.[6]

Plaintiff's motion, however, fails regardless of which test is applied. It is undisputed that plaintiff's hearing condition could be corrected with a hearing aid. *See, e.g.*, Pl. Third Amended Compl. at ¶ 15. Indeed, plaintiff alleged in her complaint that she "provided defendant USMS with audiological testing results which identified the kind of hearing aid she was using and demonstrated that with that hearing aid she met and exceeded the USDHHS medical qualification standards for CSOs." *Id.* Thus, it is also undisputed that defendants knew that plaintiff's hearing condition was entirely correctable.

The determination whether a physical or mental impairment substantially limits a major life activity, however, must include an assessment of the impairment in light of the corrective measures used by the individual. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 481-89, 119 S. Ct. 2139, 2146-49 (1999). Thus, because defendants knew that plaintiff's hearing impairment was fully correctable, defendants could not have regarded plaintiff as "disabled" under either the objective or the subjective test. Under the objective test, plaintiff's hearing impairment did not substantially limit any major life activity, because the impairment could be corrected with a hearing aid. *See id.* at 488-89 (individuals who wore glasses to correct poor vision were not disabled); *Thomspon*, 121 F.3d at 541. Similarly, under the subjective test, defendants did not regard plaintiff as disabled because defendants knew plaintiff's condition was wholly correctable.

Thus, regardless of whether the objective or subjective test is used, defendants could not have regarded plaintiff as disabled. Plaintiff's motion for reconsideration must therefore be DENIED.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to

---

[6]Thus, under the objective test, the perceived impairment must necessarily be a "substantial limitation on a major life activity" to give rise to liability under the ADA. Under the subjective test, an impairment that in fact does not amount to a disability may nonetheless give rise to liability if the defendant believes that it imposes limitations more substantial than it actually does. *Compare Thomp-son v. Holy Family Hospital*, 121 F.3d 537, 541 (9th Cir. 1997) (where employee was fired because employer incorrectly believed she could not lift 25 pounds, employer did not regard employee as disabled because inability to lift 25 pounds is not a disability), *with EEOC v. United Parcel Service*, 306 F.3d 794, 803 (9th Cir. 2002) (although inability to see out of one eye did not constitute a disability, it could nonetheless give rise to liability depending upon the defendant's perception of the limitations it causes).

5

alter judgment (Docket No. 221).

**IT IS SO ORDERED.**

Dated: November 7, 2005

_____
SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI WALTON,<br><br>             Plaintiff,<br>   v.<br><br>U.S. MARSHALS SERVICE, et al.,<br><br>             Defendants.<br>                                                              / | No. C 03-01460 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT** |

On November 4, 2005, the Court heard argument on plaintiff's motion to alter judgment under Federal Rule of Civil Procedure 59(e). For the following reasons, the Court DENIES the motion.

**BACKGROUND**

Plaintiff was employed for fourteen years as a court security officer ("CSO") by Akal Security ("Akal"), a company that contracts with the United States Marshals Service ("USMS") to provide security at federal courthouses in the Ninth Circuit.[1] In November 2001, plaintiff underwent audiological testing in connection with her job. After taking two hearing tests, plaintiff was diagnosed with having an impaired ability to localize sound[2] due to a hearing disparity between her right and left ears. Based on these test results, plaintiff was determined to be unqualified to work as a CSO, and her employment with Akal was terminated.

Plaintiff then filed this action against a number of individuals and federal agencies under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

---

[1] The facts of this matter are set out in more detail in this Court's two prior summary judgment orders.

[2] Localizing sound is "the ability to identify the direction and distance of a sound source outside the head." Decl. of Edith J. Benay in Opp. to Def. Mot. for Summary Judgment ("Benay Decl."), Exh. Z, at USA000571.

1  Plaintiff's Rehabilitation Act claims alleged that she had been discriminated against because she was disabled,
2  or, in the alternative, that she was not actually disabled and had been discriminated against because defendants
3  regarded her as disabled.[3] Pl. Third Amended Compl. at ¶¶ 54-55.

4  In early 2005, plaintiff moved for summary judgment. She did not argue that she was actually disabled;
5  instead, she maintained that defendants regarded her as disabled. *See* Order Denying Pl. Mot. for Summary
6  Judgment, dated January 24, 2005 ("Jan. 24 Order"), at 3-4. After the Court denied plaintiff's motion,
7  defendants brought a motion for summary judgment. Once again, in opposing defendants' motion, plaintiff did
8  not contend that she was actually disabled. Instead, she argued that she was discriminated against because she
9  was regarded as disabled. *See* Order Granting Def. Mot. for Summary Judgment, dated September 13, 2005
10 ("Sept. 13 Order"), at 5-6. The Court held that plaintiff had provided no evidence that defendants regarded
11 her as disabled, and granted defendants' motion for summary judgment. The Court entered judgment in favor
12 of defendants the same day.

13 Plaintiff now moves to alter the judgment. She claims that the Court clearly erred by failing to consider
14 her evidence in resolving defendants' motion for summary judgment. She also claims that the law controlling
15 her case has changed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that motions to alter or amend the judgment may be brought within ten days of the entry of judgment. The rule provides no standard to guide district courts faced with a motion to alter judgment. Courts, however, have made clear that such motions should be granted only in exceptional circumstances: "[T]he rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Ent., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

---

[3] As discussed in this Court's prior summary judgment orders, the Americans with Disabilities Act ("ADA") defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). "The standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the [ADA]." *Coons v. Sec. of U.S. Dept. of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004); *see also* 29 U.S.C. § 794.

2

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**DISCUSSION**

Plaintiff bases her motion for reconsideration on two primary arguments.[4] First, plaintiff argues that the Court committed clear error by failing to consider evidence that she presented in her summary judgment motion. Second, plaintiff argues that a Ninth Circuit decision filed three days after judgment in this case has changed the relevant law.

Plaintiff's second argument is easily disposed of. The case plaintiff cites, *EEOC v. United Parcel Service*, 424 F.3d 1060 (9th Cir. 2005), was a case that involved California's Fair Employment and Housing Act ("FEHA"), not federal law. *See id.* at 1068 ("The principal questions that we will address in this opinion, all pertaining to FEHA only, are . . . ."). Although the court discussed the ADA, it was only to the extent necessary to illustrate the difference between federal and California law. *Id.* at 1072. As the Ninth Circuit's discussion of the ADA was nothing more than dicta, plaintiff's claims that *United Parcel Service* constituted an intervening change in controlling law fails.

Plaintiff's other argument is premised on the notion that the Court disregarded evidence that defendants regarded her as disabled. In support of this argument, plaintiff points to four pieces of evidence that she claims

---

[4]Plaintiff also challenges the Court's conclusion that she did not have a "record of a disability." *See* Sept. 13 Order, at 5. Plaintiff's motion for reconsideration, however, admits that her opposition on this point was "very brief." Pl. Mot. to Alter Judgment, at 14. Indeed, plaintiff's opposition to defendants' motion for summary judgment included only the following paragraph on this point:

> With regard to the Plaintiff having a record of a disability, Plaintiff's audiological testing results establish that record. Plaintiff's unilateral hearing loss of more than 25db difference between the hearing in her right and left ears, when considered on its own, constitutes a record of ear differences that are ". . . likely to severely/significantly restrict an individual's ability to localize sound relative to the normal hearer." (Supp. Simmons Decl., Exh. 1, p. 1,2).

Pl. Opp. to Def. Mot. for Summary Judgment ("Pl. Opp. Br."), at 15.
Given the brevity of her opposition on this point, it is apparent that plaintiff now seeks nothing more than to have a second bite at the apple. Accordingly, the Court will not consider her argument. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003).

the Court did not consider. First, plaintiff relies on a stipulation that states in relevant part, "[p]laintiff does not concede that she cannot localize sound, only that she has a hearing deficit in one ear." Stipulation dated April 25, 2005 (Docket No. 186). Second, plaintiff relies on results of her audiological test, which she claims show that she passed defendants' "speech recognition" standard in her impaired ear. Benay Decl., Exhs. O, U. Third, plaintiff relies upon the declaration of her expert, which states in a conclusory fashion that the inability to localize sound "severely/significantly restricts one's hearing as compared to how unimpaired people normally hear in everyday life." Supp. Decl. of Abraham A. Simmons in Support of Def. Mot. for Summary Judgment, Exh. 1, at 1-2. Finally, plaintiff relies on a draft report prepared by an audiologist, which states that difficulties in localizing sound would be "inconvenient."[5] Benay Decl., Exh. Z, at USA 000573.

As an initial matter, none of the evidence plaintiff presents in support of her motion for reconsideration is new. All of the evidence plaintiff cites was in existence at the time of her opposition to defendants' motion for summary judgment. Yet the only evidence that her opposition relied upon was the declaration of her expert, Dr. Robert Sweetow. *See* Pl. Opp. Br. at 13-15. Thus, the evidence plaintiff's current motion relies on is simply not an appropriate basis for a motion for reconsideration. *See Carroll*, 342 F.3d at 945 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Nor is the evidence plaintiff highlights particularly probative. Thus, the Court cannot find that any failure to address the evidence was clear error.

In connection with the evidence that plaintiff claims the Court did not consider, plaintiff also raises another issue. She claims that it is not clear whether the Court used an "objective" or a "subjective" analysis to determine whether defendants regarded her as disabled. This argument refers to a discussion in the Court's January 24, 2005, order denying plaintiff's motion for summary judgment. *See* Jan. 24 Order at 4-6. In short, the objective test focuses on the defendant's understanding of a plaintiff's impairment, and asks whether that impairment would objectively constitute a substantial limitation on a major life activity. The subjective test, in

---

[5] Plaintiff also claims that it was clear error for the Court to rely on the declarations of Judge Roth and Marc Farmer, both of which state that the hearing requirements for the CSO position solely relate to the essential functions of the position and do not reflect any opinion about an individual's ability to engage in other life activities. *See* Declaration of Judge Jane R. Roth, at 4-7; Declaration of Marc A. Farmer, at 6-18. The Court continues to believe that this evidence is relevant to whether or not defendants believed that plaintiff had a disability.

4

1 contrast, focuses on the defendant's understanding of the limitations an impairment places on the plaintiff. The
2 differences between the tests are subtle, and courts have not been clear regarding which is appropriate.[6]

3 Plaintiff's motion, however, fails regardless of which test is applied. It is undisputed that plaintiff's
4 hearing condition could be corrected with a hearing aid. *See, e.g.*, Pl. Third Amended Compl. at ¶ 15. Indeed,
5 plaintiff alleged in her complaint that she "provided defendant USMS with audiological testing results which
6 identified the kind of hearing aid she was using and demonstrated that with that hearing aid she met and
7 exceeded the USDHHS medical qualification standards for CSOs." *Id.* Thus, it is also undisputed that
8 defendants knew that plaintiff's hearing condition was entirely correctable.

9 The determination whether a physical or mental impairment substantially limits a major life activity,
10 however, must include an assessment of the impairment in light of the corrective measures used by the
11 individual. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 481-89, 119 S. Ct. 2139, 2146-49 (1999).
12 Thus, because defendants knew that plaintiff's hearing impairment was fully correctable, defendants could not
13 have regarded plaintiff as "disabled" under either the objective or the subjective test. Under the objective test,
14 plaintiff's hearing impairment did not substantially limit any major life activity, because the impairment could be
15 corrected with a hearing aid. *See id.* at 488-89 (individuals who wore glasses to correct poor vision were not
16 disabled); *Thomspon*, 121 F.3d at 541. Similarly, under the subjective test, defendants did not regard plaintiff
17 as disabled because defendants knew plaintiff's condition was wholly correctable.

18 Thus, regardless of whether the objective or subjective test is used, defendants could not have regarded
19 plaintiff as disabled. Plaintiff's motion for reconsideration must therefore be DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to

---

[6]Thus, under the objective test, the perceived impairment must necessarily be a "substantial limitation on a major life activity" to give rise to liability under the ADA. Under the subjective test, an impairment that in fact does not amount to a disability may nonetheless give rise to liability if the defendant believes that it imposes limitations more substantial than it actually does. *Compare Thomp-son v. Holy Family Hospital*, 121 F.3d 537, 541 (9th Cir. 1997) (where employee was fired because employer incorrectly believed she could not lift 25 pounds, employer did not regard employee as disabled because inability to lift 25 pounds is not a disability), *with EEOC v. United Parcel Service*, 306 F.3d 794, 803 (9th Cir. 2002) (although inability to see out of one eye did not constitute a disability, it could nonetheless give rise to liability depending upon the defendant's perception of the limitations it causes).

5

United States District Court
For the Northern District of California

1 | alter judgment (Docket No. 221).

3 | **IT IS SO ORDERED.**

6 | Dated: November 7, 2005

SUSAN ILLSTON
United States District Judge

6